IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SHEYLA F. RODRIGUEZ, et. al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. H-06-1069 |
| § | |
| AMERICAN EUROCOPTER § | |
| CORPORATION, et. al., § | |
| § | |
| Defendants. § | |

ORDER

Pending before the Court are Defendants Eagle Jets, LLC and Timothy Jones's Motion to Dismiss for Lack of Personal Jurisdiction over the Person, Improper Venue, Insufficiency of Process, and Insufficiency of Service of Process (Document No. 6); Atlanta Jet, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Motion for More Definite Statement (Document No. 7); and Plaintiffs Sheyla Rodriguez, et. al.'s Motions to Strike (Documents Nos. 15 and 18). Having considered the motions, submissions, and applicable law, the Court determines the Defendants' motions should be granted, and Plaintiffs' motions should be denied as moot.

BACKGROUND

The suit arises from a helicopter crash in Brazil on December 9, 2003, in which two people died and a third was injured. The helicopter departed from Bolivia en route

to either Florida or Georgia when the accident occurred.  The flight plan did not contemplate flight over or arrival in Texas.  Plaintiffs (collectively, "Plaintiffs") are family members of the two passengers who died and the single survivor of the crash.

On December 6, 2005, Plaintiffs filed suit against Defendants Atlanta Jet, Inc. ("Atlanta Jet"), Timothy Jones ("Jones"), and Eagle Jets, LLC ("Eagle Jets") (collectively, "Defendants") in the 295th District Court of Harris County, Texas.[1]  In general, they allege Defendants' negligent acts and omissions caused the December 9, 2003 crash.  Defendants subsequently removed the case to federal court based on diversity of citizenship.

On April 3, 2006, Eagle Jets and Jones moved to dismiss the case, alleging, *inter alia*, that the Court lacks personal jurisdiction over them.  On April 4, 2006, Atlanta Jet also moved to dismiss the case based on lack of personal jurisdiction.  Collectively, the Defendants argue they do not have sufficient contacts with the state of Texas to subject them to personal jurisdiction here, and the Court's exercise of jurisdiction over them would violate due process.

---

[1] In June 2006, the Court dismissed Plaintiffs' claims against Defendants American Eurocopter Corporation and U.S. Specialty Insurance Company.

## LAW AND ANALYSIS

Defendants contend their contacts with Texas are insufficient to establish personal jurisdiction over them. When a nonresident defendant raises such a challenge, the plaintiff bears the burden of proving that jurisdiction exists.[2] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). The plaintiff is only required to present prima facie evidence of minimum contacts and may utilize "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *see also Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003); *Saudi v. S/T Marine Atl.*, 159 F. Supp. 2d 505, 509 (S.D. Tex. 2000). All conflicts must be resolved in favor of the non-moving party. *Revell*, 317 F.3d at 469.

A defendant is subject to the personal jurisdiction of a federal court sitting in diversity if a court in the state in which the federal court sits would have jurisdiction. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984); *see also Fielding*, 415 F.3d at 424. To satisfy personal jurisdiction over a nonresident, two requirements must be met: (1) the forum state's long-arm statute must be able to reach the defendant;

---

[2] A district court has considerable procedural leeway in deciding a pretrial motion to dismiss for lack of personal jurisdiction. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *see Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) (stating the district court has broad discretion in all discovery matters).

and (2) the exercise of the state's long-arm statute must not violate the United States Constitution's Fourteenth Amendment due process guarantee.[3] *Stripling v. Guardian Energy Exploration Corp.*, 234 F.3d 863, 869 (5th Cir. 2000); *Jones v. Petty-Ray Geophysical*, 954 F.2d 1061, 1067 (5th Cir. 1992) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1265 (5th Cir. 1983)).

The Texas long-arm statute authorizes the Court's exercise of personal jurisdiction over a nonresident who does business in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997). The statute reaches as far as allowable by the Constitution's Due Process Clause. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam); *see also Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996). Therefore, the question of personal jurisdiction under the Texas long-arm statute becomes a question of federal constitutional due process. *Id.*

To satisfy the due process requirements of the Fourteenth Amendment, a nonresident defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial

---

[3]"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which the individual has established no meaningful contacts, ties, or relations." *Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (citation omitted).

4

justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts with the forum state are established if the plaintiff shows that the defendant "purposefully avail[ed]" himself of the privilege of conducting activities in the forum state, "thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe*, 326 U.S. at 319). Therefore, the defendant's activities in the state must warrant a conclusion that the defendant should reasonably expect to be haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Minimum contacts may be established through contacts demonstrating either specific or general jurisdiction, depending on the plaintiff's allegations. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Specific jurisdiction is appropriate "when a controversy is related to or 'arises out of' a defendant's contacts with the forum . . . [and] a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction." *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414 (1984) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). General jurisdiction is appropriate when the defendant maintains continuous and systematic contacts with the forum state that are unrelated to the plaintiff's cause of action. *Alpine View*, 205 F.3d at 215 (citing *Helicopteros*, 466 U.S. at 415-16).

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Alpine View*, 205 F.3d at 217 (citing *Access Telecomm., Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)).

In the case at bar, Plaintiffs' claims do not arise out of the Defendants' contacts with Texas, the forum state. Instead, the helicopter departed Bolivia and was en route to either Florida or Georgia when it crashed in Brazil. Thus, Plaintiffs cannot demonstrate that the Court has specific jurisdiction over Defendants. *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (finding specific jurisdiction applies when the litigation results from injuries related to directed activities of the forum); *see also Icee Distrib., Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 592 (5th Cir. 2003) (determining that a court may exercise specific jurisdiction over a nonresident defendant if the lawsuit arises from or relates to the defendant's contacts with the forum). Plaintiffs therefore argue that Defendants have engaged in continuous and systematic contacts with Texas such that general jurisdiction exists. *Alpine View*, 205 F.3d at 215 (citation omitted). Thus, the Court will consider whether it may exercise general jurisdiction over Atlanta Jet, Eagle Jets and Jones.

**A. Eagle Jets and Timothy Jones**

Eagle Jets and Jones argue that subjecting them to the jurisdiction of this Court would violate the Fourteenth Amendment's Due Process Clause and offend traditional notions of fair play because they lack any contact with Texas. In support of their position, they point to the fact that Jones, a resident of Fulton County, Georgia, is the sole member of Eagle Jets, a Georgia-based limited liability company. Furthermore, neither Eagle Jets nor Jones does business in Texas, maintains a place of business here or has employees working in the state. They also contend that neither Eagle Jets nor Jones maintains real or personal property, sells any goods, performs services or receives revenue from Texas. Finally, Eagle Jets is not authorized to do business inside the state and is not required to maintain an agent for service of process here. Rather, Eagle Jets and Jones assert their only connection to the action was Eagle Jets's pending purchase of the helicopter involved in the crash from Atlanta Jet.

Plaintiffs offer no evidence that demonstrates that either Jones or Eagle Jets have any connection to Texas. Thus, the Court concludes Plaintiffs have not met their burden to show sufficient contacts with Texas to establish general jurisdiction over Jones or Eagle Jets. *See Helicopteros*, 466 U.S. 408 (finding no jurisdiction when the contacts with the forum state include attendance at a contract-negotiations meeting, acceptance of checks drawn on a state bank, the purchase of helicopters, equipment

7

and services from that forum and training of personnel in the state); *Religious Tech. Ctr.*, 339 F.3d at 374-75 (concluding the court lacked general jurisdiction over an estate when its representative signed documents and participated in decisions regarding the estate while in the forum). Accordingly, Jones and Eagle Jets's motion to dismiss based on lack of personal jurisdiction is granted.

**B. Atlanta Jet, Inc.**

Atlanta Jet also argues that subjecting it to suit in a Texas court violates the Fourteenth Amendment because its contacts with Texas are insufficient to be considered continuous and systematic. Atlanta Jet, a corporation based in Lawrenceville, Georgia, asserts it is not a resident of Texas. Additionally, Atlanta Jet is not required to maintain and does not maintain a registered agent for service in Texas. To establish general jurisdiction, Plaintiffs provide the Court with a list of twenty transactions that Atlanta Jet conducted in Texas. The transactions appear to relate to Atlanta Jet's business as a full service aircraft broker.[4] Though unclear, it seems Atlanta Jet purchased fuel and pilot services in connection with aircraft test flights, as well as travel expenses associated with those flights. The transactions also include receipts for aircraft refurbishment conducted at the request of the potential

---

[4]Atlanta Jet is in the business of buying and selling aircraft. Atlanta Jet ostensibly assists clients with all aspects of purchasing an aircraft, including financing, insurance and taxes.

buyers. Additionally, Plaintiffs provided copies of contracts for the sales of various aircraft.[5]

In response, Atlanta Jet argues the Court may only consider seven of the twenty transactions–those that occurred before the helicopter crash. The Court agrees. *See Alpine View*, 205 F.3d at 217 (reasoning that "general jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed"); *Toshiba Funding Auth. Ltd. v. Somerset Marine, Inc.*, 923 F. Supp. 982, 986 (S.D. Tex. 1996) (citing the proposition that the court may only consider those contacts which occurred before the event that caused the litigation). The seven transactions, conducted in Texas, include two receipts for jet fuel purchases, a promissory note regarding aircraft services and four receipts for aircraft services such as painting and interior refurbishment. Furthermore, it appears that Atlanta Jet works with a Dallas, Texas-based independent consultant. Atlanta Jet avers the consultant works on a commission basis and has not generated any business for the company. The exact parameters of the job are unclear, but it appears the consultant is only loosely affiliated with Atlanta Jet. Therefore, Atlanta Jet argues the seven transactions and association with an independent consultant do not meet the level of continuous and

---

[5]The contracts are between two other parties, and list Atlanta Jet as the broker. Other contracts appear to be between Atlanta Jet and other aircraft brokers.

systematic contacts required for the Court to assert general jurisdiction over it.

The Court concludes that those seven transactions and Atlanta Jet's affiliation with the independent consultant are insufficient to demonstrate continuous and systematic contacts with Texas for purposes of general jurisdiction. *See Helicopteros*, 466 U.S. 408; *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, No. 03-10179, 2004 U.S. App. LEXIS 21303, at *9-10 (5th Cir. Oct. 13, 2004) (concluding no personal jurisdiction over a corporate defendant where the sole contact was a meeting outside of the forum state, and the company did not anticipate any future communication or other business relationships in the state); *Cent. Freight Lines*, 322 F.3d at 381 (finding no general jurisdiction over a corporate defendant where the company was not registered to do business in the state and did not maintain an office or records there, but did routinely arrange and receive shipments from the state and regularly sent sales representatives there to develop business, negotiate contracts, and service national accounts); *Alpine View*, 205 F.3d at 218 (determining that a court lacked general jurisdiction over defendant whose contacts included isolated sales to the state, shipment preparations, and field service visits there). Thus, Atlanta Jet's motion to dismiss for lack of personal jurisdiction is granted. Accordingly, the Court hereby

ORDERS that Defendants Eagle Jets, Timothy Jones and Atlanta Jet's Motions

to Dismiss (Document Nos. 6 and 7) are GRANTED without prejudice.[6]  The Court further

ORDERS that Plaintiffs' Motions to Strike (Document Nos. 15 and 18) are DENIED as moot.

SIGNED at Houston, Texas, on this 3rd day of August, 2006.

_____

DAVID HITTNER

United States District Judge

---

[6]Because the Court grants Eagle Jets and Jones's motion to dismiss for lack of personal jurisdiction, it declines at this time to address the additional claims for improper venue, insufficiency of process and insufficiency of service of process.